40 F.3d 1244
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Howard DAVIS, Defendant-Appellant.
 No. 93-5596.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 6, 1994.
Decided Nov. 3, 1994.
 
 Appeal from the United States District Court, for the District of South Carolina, at Greenville; Henry M. Herlong, Jr., District Judge (CR-92-524).
 James Robert Mann, Greenville, SC, for appellant.
 David Calhoun Stephens, Asst. U.S. Atty., Greenville, SC, for appellee.
 D.S.C. [OPINION AFTER REMAND, FROM 28 F.3d 1211].
 DISMISSED.
 Before WILKINS and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Howard Davis entered a guilty plea to conspiracy to possess with intent to distribute and to distribute cocaine and crack cocaine in violation of 21 U.S.C.A. Secs. 841(a)(1), 846 (West 1981 & Supp.1994), and for using a firearm during a drug trafficking crime in violation of 18 U.S.C.A. Sec. 924(c) (West 1976 & Supp.1994). The court entered its judgment and commitment order on July 6, 1993. On August 2, 1993, the district court received and entered Davis' notice of appeal dated the same date.[1]
 
 
 2
 In criminal cases, the defendant must file his notice of appeal within ten days of the entry of judgment. With or without a motion, the district court may grant an extension of time to file of up to thirty days upon a showing of excusable neglect. Fed.R.App.P. 4(b); see United States v. Reyes, 759 F.2d 351, 353 (4th Cir.), cert. denied, 474 U.S. 857 (1985).
 
 
 3
 Davis filed his notice of appeal twenty-seven days after the court entered its judgment and commitment order. While this filing was after the ten-day limit, it was within the thirty-day extension period applicable upon a showing of excusable neglect. However, the district court found that Davis showed no excusable neglect.[2] Therefore, Davis' notice of appeal was untimely. Accordingly, we dismiss the appeal for lack of jurisdiction. We also deny counsel's motion to withdraw and Davis' motion for discharge of his counsel.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 [1]
 Davis' attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising three issues at Davis' request and moving to withdraw as counsel. Davis has filed a supplemental pro se brief raising additional issues and a Motion for Discharge of Counsel
 
 
 [2]
 We previously remanded this case to the district court with instructions to make factual findings concerning whether there was excusable neglect which warranted an extension of the ten-day appeal period. See United States v. Davis, No. 93-5596 (4th Cir. June 21, 1994) (unpublished)